Winston v. Rawson.

---

## Miller Winston
### v.
## A. J. Rawson.

*Replevin—Notes Held as Collateral—Whether Notes Obtained by Fraud and Misrepresentation—Failure of Proof.*

In an action of replevin brought to recover certain notes by the payee of such notes against the agent in possession, of a party to whom such payee had delivered the notes as collateral, *held:* That there was a failure of proof to show that said notes had been procured by fraud or misrepresentation, or that there had been a breach of a condition upon which they had been delivered.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. S. WOLFE, for appellant.

Mr. FRANCIS M. WRIGHT, for appellee.

PLEASANTS, J.   Deere & Co., plow makers, at Moline, Illinois, held a note of appellee for about $140, given for gophers (cultivators), sold by them to him. The note remaining unpaid, their agent, by whom the sale had been made, soon after its maturity, called on him in reference to it. Appellee was not prepared to pay it, but gave him, as collateral security, a number of small notes of other parties, aggregating on their face about double the amount then due upon his own. These notes were transmitted to Deere & Co., and by them sent to appellant, a banker at Sidney, for collection. In his absence appellee demanded them of an employe, then in charge of the bank and its business, and being refused, brought this action of replevin to recover them before a justice of the peace. On appeal a verdict in trover was returned against the defendant for $135.55 damages, and from the judgment thereon this appeal was taken.

Appellee testified that he delivered these notes upon the express and absolute agreement of the agent that if he would ship the gophers to them at Decatur, paying the freight, Deere & Co. would receive them back and send him plows in their place; that about two and a half months afterward he shipped them accordingly, but Deere & Co. refused to receive them or send plows in lieu of them. We do not see that the evidence for the plaintiff tended to prove anything further that is material.

It does not appear that the delivery of the notes was at all conditional, nor do we discover a single circumstance suggesting a suspicion that in getting them the agent used any deceit or had any fraudulent purpose. His version of the transaction was as follows: " He was dissatisfied with twelve gophers I had sold him the previous year. He told me the trouble he had with them, and that he would be willing to take $2 off

each one, and would like to have plows.  I said I thought I could do better for him than that, and that I believed I could get the Deere Company to take the gophers and let me have plows in their place.  I wrote a letter to the company requesting them to do that and read it to him.  I told him I thought the Deere Company would do it, and I confidently expected they would.  I read it to him exactly as I wrote it. I wrote no other letter there.  I never agreed with him we would take the cultivators.  Did not tell him I had written such a thing.  I thought they would.  I said they usually did what I recommended.  It was my actual belief at the time that they would do it.  He said the season had been bad and wet and they would not work.  We were to exchange plows for cultivators if the Deere Company would consent.  I was much astonished that they did not consent."

Plaintiff had testified that the agent, Mr. Spencer, wrote what appeared to be a letter, in the office at that time, and read to him what he said he had written.  Mr. Spencer identified the letter on the trial, and it corroborates his statement of what he said, that he had told Rawson he would try to get their consent to exchange and give plows from Decatur, he to pay freight to and from Decatur, and that he hoped they would find it in their hearts to consent to this.

William Manniere, a witness for plaintiff, on cross-examination, testified: " Spencer said he was their general agent, and thought they would let him do as he pleased in the transaction, and that he would recommend the company to exchange plows for gophers; that was what he said."

Plaintiff testified that he bought other goods of Spencer and gave other notes; that the first one came due July 1st; that before that he had sold some of these gophers and they failed to work and were thrown back on his hands; that when the first note came due he notified the company that the gophers were a failure and that he wanted a reduction of the note; that they refused to do anything and answered that the gophers were all right; that he paid that note; that the other note (being the one secured by these collaterals) was sent to the express office for collection; that he refused to pay it, and

notified the company that he would not pay until they made it right about the gophers; and that that was where the matter stood until Mr. Spencer came in October.

That note was due on the first of the month. Spencer came on the 16th. Doubtless he knew that the company had refused the reduction demanded on the first note for the same cause; and it is therefore improbable that he would assume to bind the company, as by an absolute agreement, to take back the gophers. He got an extension on giving the collaterals until December, but did not ship the cultivators until January. About ten days thereafter he received notice from Moline that the company had advised Spencer not to make the exchange.

We think there was not sufficient proof of a positive agreement to exchange, and none whatever of any fraud in making such an agreement, or of any wilful repudiation of it; and therefore no sufficient proof of a right of possession of these notes as against Deere & Company, or appellant, their agent. The instructions given upon the hypothesis of such fraud and repudiation were without foundation, and tended to mislead the jury, whose verdict was against the law and the evidence.

For error in these instructions and in refusing to set aside that verdict, the judgment will be reversed and the cause remanded.              . .      *Reversed and remanded.*